May it please the Court, I'm Dana Karasvong for the United States, and I'd like to reserve three minutes for a rebuttal. Much of this case has already been explicitly resolved by the Supreme Court in Milovic-Gallup and Milovic v. the United States, and the Court's reasoning in that case controls the outcome even of issues that haven't been explicitly resolved by the Court. So to start with the issue that both parties agree has been resolved, that's the challenge to Section 526A4 of the Bankruptcy Abuse Prevention and Consumer Protection Act. That's the provision about an attorney advising a client to take on debt in contemplation of bankruptcy. And the Court interpreted that provision to refer only to misconduct designed to manipulate the bankruptcy system. Plaintiffs have abandoned their challenge. They don't challenge the law, interpreted as the Supreme Court did. And the district court's rulings striking down that provision needs to be reversed. Moving on to Section 528, the Supreme Court also rejected a challenge to the advertising disclosure requirements in 528. That was an as-applied challenge, but the Court's reasoning there pretty much takes care of the claims in this case. Section 528 was designed to protect against some very unscrupulous behavior. These are those ads where the attorneys are not on the part of the people who are being the vendors, and the bankers, and the mortgage brokers, and all those people who are out there selling credit cards and loans and all the rest of it to the working people who are getting the shaft in the end anyway, and then can't get the benefit of the bankruptcy laws that are in our Constitution. So it's a great advance for our country. Well, Your Honor, just to focus in on Section 528, 528 really is designed to ---- But not the purpose of the statute? Your Honor ---- Well, you know it was, unless you are blind. Okay. Go ahead. But, you know, what I wanted to ask you was this. The ---- and I find, too ---- I'm just talking for myself. I find, too, that this statement about ---- that's presented to the bankruptcy attorneys is a little bit insulting because it assumes that they're not very ethical people. But I think that can be corrected because the statute tells us that they're not committed or it's not committed to that language, that the attorneys can come up with other language. So I have just some ---- I tried to work out some language, and I'll read it, that I think would be sufficient under this Act. And the language would read, We are attorneys who specialize in bankruptcy law. We help people in need of relief from debt incurred through credit cards, bank loans, real estate loans, and other forms of indebtedness to file for relief under the Bankruptcy Code enacted under Article I, Section 8 of the United States Constitution. Sounds good, doesn't it? That sounds great, Your Honor. Government likes it. Yes. I'm not sure that the plaintiffs in this case would like it because I think Mr. McBride's position is that he is not a bankruptcy attorney. But otherwise, yes, the government is happy. We'll see. But the point is that the attorneys have the option of massaging the language to their liking. Exactly, Your Honor. As the Supreme Court said in Milovic's, the attorneys can massage this language as long as it is substantially similar. And again, I know that Your Honor has an issue with the larger Act, but this particular provision was designed to deal with the problem of people seeing these ads on TV about wiping out their debts and not realizing that those ads, that if they went to see the people advertising, they would end up filing for bankruptcy. Congress had testimony before it about people who didn't even know that they filed for bankruptcy. And filing for bankruptcy has very significant implications. So people should certainly be on notice that that is what is happening. Now we have in this country today thousands and tens of thousands of people who are filing documents with notorios, disbarred lawyers, all the rest of it, to adjust their status in this country. And the Justice Department knows about it, has known about it, allows it, permits disbarred lawyers to represent people before immigration judges. So that's a more serious problem. We need to take care of that, too. Yes, Your Honor. That is a very serious problem. You're a young person. You're going to be the savior of this country someday. So I'm trying to give you some ideas. I hope so, Your Honor. All right. If the Court has no further questions, I'd like to reserve the remainder of my time. Okay. May it please the Court, I'm Keith Carnes here on behalf of all the plaintiffs. And when the plaintiffs who do bankruptcy work meet with people who are in need of bankruptcy help, it's under extreme financial stress. People are in foreclosure. Their wages are getting garnished. They're being sued. They're being harassed at work. And there's all sorts of problems that make them come to the attorney and get immediate help. Unfortunately, under the current statute, the attorney within three days has to determine whether or not this person is an assisted person. And an assisted person is what? Whether the client is an assisted person as defined by the statute. An assisted person is someone who has less than $150,000 in nonexempt property. So, counsel, is your argument that that language is vague? That's exactly it. That that language itself isn't vague. We can determine what an exemption is. And you do it all the time. We do it all the time. Absolutely. However, 11 U.S.C. 522 exempts a reasonable amount of child support. It's well known that there's a lot of parents who don't pay support. And so when the assisted potential client is sitting across from the desk from the plaintiff, he has to know whether or not the amount that's due in support is reasonable or not. Are you challenging the statute as applied or on its face? We're challenging it as applied to the attorneys who want to speak and don't want to give certain disclosures because they can't tell who they have to give the disclosures to. How has it been applied? I'm sorry? How has it been applied? They're seeking relief prospectively because the statute touches upon their First Amendment rights to give speech. Right. But generally when you have an as applied challenge, the law has been forced against someone. So that's why I'm asking you, how has it been applied in such a way that it violates the Constitution? As of today, the statute hasn't been applied against them in a way that an action has been brought. They're seeking prospective relief, saying that the ---- That's a facial challenge, then. If it hasn't been applied yet, then that's a facial challenge. And the district court found that this to be a facial challenge. And we believe that even if this is considered a facial challenge, that the plaintiff still prevailed. It's a much harder burden. It is a much harder burden. But when the vague statute touches upon the plaintiff's First Amendment rights to speak to their clients and to be compelled to speak and not speak, then the standard is much lower. And that is a standard that can be brought. I think the case ---- What's the standard if it's an as applied challenge on the First Amendment? What's the standard of review for us? Well, I ---- the standard is going to be ---- the standard of review is going to be de novo with the district court. I mean, but what ---- how do we determine whether or not the language is vague? I'll have to concede that this is certainly a facial challenge, then. I ---- my reading of the cases and the statutes is that a facial challenge only implicates the rights of third parties. And if I've misunderstood that, then I apologize. And so to the extent that this is just a facial challenge as to the statute, then that is ---- that is what we have to consider. The plaintiffs are bringing here. Yeah. I'm just trying to understand what your argument is and how you think, you know, what standard you think we should apply in determining whether or not the language is vague. And I think the case most analogous to the present case is Humanitarian Law Project v. Mukasey, where this Court determined that the terms specific skill or general knowledge, while they have some meaning in the universe, the plaintiffs in that case were left to guess whether they were giving specific knowledge or ---- I'm sorry, specific skill or general knowledge. Here, the plaintiffs cannot tell if they're dealing with an assisted person. And because their speech is tied to the definition of who is an assisted person, we have the ---- And how hard is it to find out who's the assisted, whether they're assisted or not? Just ask them. But do you have more than $150,000 of non-exempt property? But that works ---- that works in theory. But the problem is that we have unsophisticated debtors coming to the plaintiffs, and they're ---- they don't know what an exemption is. And so just asking that question would certainly ---- No, but explain to them. Do you, you know, create a form. Do you have this property, that property, this property? And have them fill it out, like you do when you go to the doctor's office. And so then the question becomes, when they put down child support or spousal support, it's exempt to a reasonable amount. That's like saying if they have a reasonable amount of property, then they are an assisted person. The concept of reasonableness is one that we deal with all the time. I mean, you know, we have to make judgments about that. And probably over time, as the statute gets interpreted, maybe some judgments will be made by courts. But, you know, you as an attorney can make a reasonable judgment about whether the child support is reasonable. And that is ---- that is a question, absolutely. But attorneys ---- But see, what you're asking us to do is to strike down the statute when there's been nothing that's happened. I thought your argument was that you were being compelled, your client McBride was being compelled to say things that weren't true in his disclosures. That was part of the district court complaint. The ---- some of the things that weren't true were actually changed by Congress and by the administrative process along the way. But I think that the whole definition of an assisted person is vague because it's a reasonable amount. Congress drew a bright line at $150,000 and said if the person's over that amount, you don't have to worry about these disclosures and making these statements. If they're under, then they don't. Now, there is one part ---- I'm sorry, if they're over, you don't have to make it. If they're under, you do have to make these disclosures. And there's a lot of case law to determine what's exempt, what's reasonable, what's this or that under the statute. The problem is that now that the statute's been amended to require disclosure and forbid certain types of speech to an assisted person, it's no longer just what would happen during the case if you have too much support. You'd have to pay the money to your creditors. In your sentence, forbid certain types of speech to an assisted person, which type of speech? Are you referring to specifically to the ---- that you cannot give advice to a person who's going to file bankruptcy to incur debt before they do ---- before they file bankruptcy? Well, that's one part of it. What were you referring to specifically? That's one part of it. The other part of it is that Section 528A1 requires that plaintiffs execute a written contract within five days of providing any service. The attorneys are not going to be willing to provide any service to a person who doesn't ---- who doesn't have all their information together. It's going to chill the attorney's speech. When the person comes in and says, you know, I'm in for a closure, and the attorney starts asking, well, what's happening with your personal income taxes, because all these things have to be dealt with in the bankruptcy, the attorney can't offer services without pinning him or herself down to a contract. And then 526A1 makes the attorney liable for not performing any part of that agreement. And so the attorneys are going to not be offering these services for that reason. Now, there is one part of the ---- the part that we are claiming is untrue, and that's for Mr. McBride, who does not practice bankruptcy law. The district court found that he is a debt relief agency and that he is required to state on his ads to the public that he helps people file for bankruptcy, when he, in fact, does not. He helps people who are under the press of debt collection and helps them find relief from creditor harassment, but he does not file for bankruptcy. The district court said he can state that he files for bankruptcy and then give some sort of disclaimer that negates it. To me, that would be ---- If you're assisting people, I mean, at some point along the way, if you're assisting them in the eventual journey toward bankruptcy, why wouldn't that be included within the language of the statute? He stops just short of filing bankruptcy. He doesn't file bankruptcy, but he gives them the information that they would need to file bankruptcy. Why is that not assisting them in filing bankruptcy? It's not ---- I don't believe that that's what's happening here. And the district court dismissed it without the chance to put on evidence is one of the issues. The problem is that Mr. McBride doesn't help people in any part of bankruptcy. If they're being harassed, he can sue them under the Fair Debt Collection Practices Act in district court. And then if he isn't doing bankruptcy, then why does he think the statute applies to him? Because an assisted person is anyone who gives any counsel or advice ---- I'm sorry, a debt relief agency is anyone who gives counsel or advice about debt, regardless of whether they help them file bankruptcy or not. That's what the district court found. I'm out of time, so thank you. Well, what services does he provide? He sues debt collectors who harass his clients. That's it. No bankruptcy help. He also advises people in divorce that their support wouldn't be dischargeable in bankruptcy. It has nothing to do with leading up to bankruptcy. So what is the lawsuit against the debt collectors? What does that allege? It alleges violations of the Fair Debt Collection Practices Act, found in 15 U.S.C. 1692. It's a specific statute that deals just with collection of debts and has nothing to do with bankruptcy whatsoever. Just harassing phone calls and letters and ---- That's it, exactly, Your Honor. If there's nothing else, I thank the Court for your time. Thank you.  And I think there's a reason to be surprised that even though he does not engage in the practice of bankruptcy law, that he nevertheless has to identify himself as such. Your Honor, the Act applies if he is a debt relief agency and he is advertising bankruptcy assistance services. So to the extent that he is advertising unrelated services, he needs to make no disclosures. But in his representations before this Court, he said that he advises and counsels clients regarding possible bankruptcy filings. That's in his red brief. In his complaint, he said he advises debtors with less than $150,000 in non-exempt assets to file bankruptcy and also advises such debtors on the effects of bankruptcy on spousal and child support. So he said that he provides information, advice, and counsel about filing for bankruptcy. And bankruptcy assistance services defined in the statute include providing information, advice, counsel, and some other things with respect to a case or proceeding under this title. So it seems to me that he is providing bankruptcy assistance based on his representations to this Court, and that when you provide somebody with information, advice, and counsel, you are helping them, whether you actually file the petition or not. But, of course, as Judge Pegerson pointed out, he doesn't have to say that he helps people file. If he would like to say that he provides information, advice, and counsel regarding bankruptcy petitions, that would be certainly acceptable under the statute. Kagan. Counsel, in your view, what is the standard of review that we apply in determining whether or not these statutes are vague and constitutionally vague? Your Honor, in Hill v. Colorado, the Supreme Court said that a vagueness challenge cannot be successful when the statute is surely valid in the vast majority of its intended applications. And in this case, in the vast majority of situations, as Judge Wardlaw observed, it will be fairly straightforward to figure out whether somebody has more or less than 175, the value is increased. So it's $175,750 in non-exempt assets. You have a house, you have a car, what's in your bank account. This is the kind of thing that a lawyer could pretty easily ask their client right up front. And in preparing for this argument, I did go to Olson, Olson & Daines' website, and I saw they have a new bankruptcy client package on their website that asks for precisely this information. Also, though, in terms of the vagueness challenge, it's important to look at the enforcement provisions in the statute. The main mechanism for enforcement under 526c2 is a suit by an assisted person for their actual damages. So if nobody is damaged, then there's really nothing here. And that suit can only be successful if the failure to comply with the statute was intentional or negligent. So as long as the attorneys are making a good-faith effort to comply with the statute, they should be fine. If there are no further questions. Well, you're saying that someone like Mr. McBride is on safe ground, as far as the statute is concerned, if he just talks to his clients about the subject of bankruptcy and then says, well, you know, whether you file for bankruptcy relief or not, I mean, that's something you have to decide. I'm not sure which provision Your Honor is referring to. Well, what were you just talking about a few minutes ago? In terms of the advertising or the vagueness? The enforcement. The enforcement by the court. I mean, what can somebody like Mr. McBride say to a client that tells the client something about the existence of the bankruptcy provision in the Constitution and the Bankruptcy Act without getting into trouble? Oh, I see. So in his advertising disclosures, when he's advertising bankruptcy-assisted services? No, when he's sitting there talking to someone. So when he's the disclosure requirement under 520, it doesn't apply unless he's advertising to the general public. When he's talking to somebody, if that person is an assisted person, he does have to give them a fair amount of information about how bankruptcy works. He has to tell them that they can't make an untrue or misleading statement. He can't misrepresent the services he provides or the benefits and risks of filing. Am I answering Your Honor's question? But if he's just advising somebody who comes in and says, you know, my creditors are harassing me, they're calling me at work, what can I do? And he just tells them about the Fair Debt Collection Practices Act. Does he have to make all of those disclosures that you're talking about? It sounds to me, I'm not entirely sure what Mr. McBride does, but it sounds to me like he is not then providing bankruptcy-assisted services, so he wouldn't need to make any of these disclosures. Okay. So I guess the further question is, what if he relies on that statement, doesn't make the disclosures, and the government decides that's wrong? Can the government enforce this against Mr. McBride? Your Honor, that's not entirely clear, but if the government can enforce it, it can only enforce where there is an intentional violation, which there wouldn't be, or a clear and consistent pattern or practice of violating the statute. And what's the sanctions for that, if the government were to prove that? There would be a ---- There would be a civil penalty. Civil penalties. Yes. Well, is there any other field in the legal practice where the government Congress with a statute has sought to regulate what an attorney can advertise about or what kind of advice the attorney can give to the client? Do you know of any other? I mean, you know, you go down to the airport, you see a big law firm. They have all the names up there. And the sign says, justice isn't blind. Our law firm succeeds in 99.8% of all of our litigation. It tells me that they never try any cases. So, I mean, this is a firm that does worldwide business. Do you have any rules that cover that? Yeah. I'm not aware of any Federal laws, but the State bars do regulate attorney advertising. One of the key precedent in this case is Zauderer, which involved attorneys not disclosing that when the attorney takes a case on a contingency basis, while the client wouldn't have to pay the attorney if the client loses the case, there would be fees that the client would need to pay. And the Supreme Court has talked about advertising quality of legal services as being a very, an area where misleading advertising is likely, or consumer confusion, at least, is likely. Well, you know, I grew up in an era when advertising or hustling business was forbidden. Now, it's apparently good business practice. And you see these signs all over, on buses, billboards, radio, television. Yes, Your Honor, but as the Court has recognized... Why do we get after people who are trying to help others who are burdened by debt get a good night's sleep once in a while? Well, Your Honor, Congress is only trying to address misleading advertising. Remember these ads where the lawyer says that they'll wipe out the person's debt, but they don't mention that it involves bankruptcy? And that's why this disclosure statement is very narrow and really just requires saying that you're a debt relief agency and you help people file for bankruptcy or something similar. If there are no further questions, I see that I am out of time. Well, you know, it's very complicated when you're an attorney and you're trying to help someone with their debt burden. There's all kinds of ways that you can proceed. Very few people really want to go through bankruptcy. They just want to get some kind of relief. You can call up the creditor. You can have assignments for the benefit of the creditor. There's lots of things that you can do. So as long as you don't advertise, then you have no problem. As long as you don't advertise, you don't have to make these disclosures, yes. Okay. So advertising is a First Amendment right. What do we do about that? Yes, Your Honor. The Supreme Court addressed this in Milovic's and referred to its opinion in Zauer. I know they did. So as long as the advertising is as long as Congress is trying to address it. I don't think any of those folks there ever practiced law. That's one of the problems. All right. Perhaps. But this really is targeted at misleading speech. If there are no further questions, I would urge the Court to reverse the portion of the district court decision relating to 526 and affirm the remainder of the decision. The matter is submitted. And the next matter, Ronald Tallmadge v. Commissioner of Internal Revenue. That's submitted. And the next matter, U.S. v. Norma Lila Luida. That's submitted. And now we come to David Lee Simmons v. Peter Huell.
judges: Pregerson, Wardlaw, Rawlinson